UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KIMLING ATHERLEY,

                                    Plaintiff,

            -against-

NEW YORK CITY DEPARTMENT OF
EDUCATION; and COLIN CALDWELL,
Reassigned Teacher Supervisor,

                                    Defendants.

23-CV-383 (JGLC)

**OPINION AND ORDER**

JESSICA G. L. CLARKE, United States District Judge:

Plaintiff Kimling Atherley ("Atherley" or "Plaintiff"), proceeding *pro se*, brings this

action against the New York City Department of Education (the "DOE") and Colin Caldwell

("Caldwell," together with the DOE, "Defendants") pursuant to Title VII of the Civil Rights Act

of 1964 ("Title VII"), the Americans with Disabilities Act of 1990 ("ADA"), the Rehabilitation

Act of 1973 ("Rehabilitation Act"), the New York State Human Rights Law ("NYSHRL"), and

the New York City Human Rights Law ("NYCHRL") alleging that Defendants discriminated

against her based on her age, race, and disability, and retaliated against her. *See* ECF No. 1

("Compl."). Defendants move to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal

Rules of Civil Procedure. *See* ECF No. 29. For the reasons herein, Defendants' motion to dismiss

is GRANTED in part and DENIED in part.

## BACKGROUND

The following facts are, unless otherwise noted, taken from the Complaint and presumed

to be true for the purposes of this motion. *See LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570

F.3d 471, 475 (2d Cir. 2009). Certain facts are taken from Plaintiff's opposition to the motion to

dismiss. *See Johnson v. Rockland Cnty. BOCES*, No. 21-CV-3375 (KMK), 2022 WL 4538452, at

*1 n.3 (S.D.N.Y. Sept. 28, 2022) (quoting *Gadson v. Goord*, No. 96-CV-7544 (SS), 1997 WL

714878, at *1 n.2 (S.D.N.Y. Nov. 17, 1997)) (stating that the "mandate to read the papers of *pro

se* litigants generously makes it appropriate to consider a plaintiff's additional materials, such as

[her] opposition memorandum" in considering a motion to dismiss).

Ms. Atherley is a 55-year-old Black woman and is currently employed as a common

branch teacher with the DOE. Compl. at 19; ¶ 1. She began her teaching career with the DOE in

1998 at Middle School 301 ("MS 301") in Brooklyn. *Id.* ¶¶ 1, 4. According to the Complaint,

between 1998 and 2019, the DOE provided Ms. Atherley with "reasonable accommodations" for

her arthritis, though the Complaint does not specify the nature of the accommodations. *Id.* ¶¶ 4,

7. Ms. Atherley states that, due to her arthritis, she "cannot stand or walk for extended periods of

time and [has] difficulty going up and down stairs." ECF No. 32 ("Pl. Opp.") at 11. During Ms.

Atherley's tenure at MS 301, she also served as the school's "UFT" chapter leader, which the

Court interprets to stand for United Federation of Teachers ("UFT"), for approximately seven

years. Compl. ¶ 5. As chapter leader, Ms. Atherley "spoke up for colleagues [and a student]

suffering race discrimination and retaliation." *Id.*

On or around April 19, 2019, the DOE served Ms. Atherley with disciplinary charges

under Section 3020-a of the New York State Education Law and subsequently reassigned Ms.

Atherley from MS 301 to a DOE site located at 131 Livingston Street. *Id.* ¶¶ 4, 6; *see also* N.Y.

Educ. Law § 3020-a. The Complaint does not state the allegations underlying these disciplinary

charges. On December 16, 2019, Caldwell, a manager at the DOE's Office of Personnel

Investigation, reassigned Plaintiff again, this time to a DOE site located at 65 Court Street. *Id.* ¶

6. Ms. Atherley objected to working at 65 Court Street "based on [her] need for reasonable

accommodations" for her arthritis. *Id.* Despite her objections, she alleges that Caldwell failed to accommodate her "disabilities" while working at 65 Court Street. *See id.*

On or before February 7, 2020, Caldwell began docking time from Plaintiff's "CAR balance," which the Court interprets to refer to her Cumulative Absence Reserve ("CAR") balance, also known as "sick days." *Id.* ¶ 8; *see also* Cumulative Absence Reserve (CAR), *United Federation of Teachers*, https://www.uft.org/your-rights/know-your-rights/cumulative-absence-reserve-car (last visited March 19, 2024). In response, on or about February 7, 2020, Ms. Atherley filed a grievance with the UFT against Caldwell claiming that he discriminated and retaliated against her and failed to accommodate her disabilities. *Id.*

At the beginning of the COVID-19 pandemic, Ms. Atherley and another teacher reassigned to 65 Court Street both contracted COVID-19 while working there. *Id.* ¶ 9. Ms. Atherley believes that she contracted COVID-19 due to the poor health and safety conditions at the facility. *Id.* Plaintiff worked remotely from March 2020 until September 2021 when she was directed to return to in-person work at 65 Court Street. *See id.* ¶ 10. Ms. Atherley informed Caldwell on several occasions that she believed 65 Court Street was not a safe place to work and requested to be transferred back to 131 Livingston Street as a reasonable accommodation. *Id.* ¶¶ 11, 13. Caldwell did not respond to these complaints in a timely manner. *Id.* ¶ 13. According to the Complaint, Ms. Atherley and two other Black teachers were "reassigned back to 65 Court Street, while all other teachers [who were previously reassigned to 65 Court Street] were allowed to return to 131 Livingston Street." *Id.* at 20; ¶ 10. One of those teachers, a Caucasian woman, also requested to be reassigned to 131 Livingston Street as a reasonable accommodation. *Id.* ¶ 11. Her request was granted while Ms. Atherley's request was denied. *Id.* Plaintiff believes that

Caldwell refused to reassign her back to 131 Livingston Street in retaliation for her complaints about the poor health and safety conditions at 65 Court Street. *Id.*

On January 5, 2022, Ms. Atherley received a decision on her Section 3020-a disciplinary charges, which, she alleges directed her to pay a small fine and notified her that she would be reassigned from 65 Court Street back to MS 301. *Id.* ¶ 12. The Complaint states that on February 3, 2022, she was reassigned from 65 Court Street back to MS 301, but it does not specify whether or when Plaintiff actually returned to MS 301. *Id.* ¶ 12, 14.

On February 7, 2022, Plaintiff received a disciplinary letter from "the Superintendent," which the Court presumes is the Superintendent of MS 301, containing "allegations by . . . Cadlwell [sic] that [Ms. Atherley] changed [her] reassigned location without [] permission." *Id.* ¶ 13. Plaintiff filed a complaint with the DOE's Office of Equal Opportunity & Diversity Management against Caldwell on February 14, 2022, alleging disability and racial discrimination. *Id.* ¶ 15. On April 27, 2022, Plaintiff received a "letter suspending" her for one school day, though the Complaint does not detail why she was suspended. *Id.* ¶ 16. Ms. Atherley returned to MS 301 following her suspension. *Id.*

Plaintiff received an additional Section 3020-a charge on May 5, 2022, and due to that charge, she is prohibited from engaging in "per-session work," which the Court interprets as work DOE employees may engage in to earn additional income for activities "done either before school, after school, on the weekend or holidays . . . , or during the summer," and "excluded from valuable pensionable opportunities." *See id.* ¶¶ 19, 21; Per Session Job, *New York City Department of Education*, https://www.schools.nyc.gov/careers/other-jobs-in-schools/per-session-jobs (last visited on March 19, 2024).

On April 28, 2022, one week before the Section 3020-a disciplinary charge was filed against her, Plaintiff filed a charge (the "EEOC Charge") with the United States Equal Employment Opportunity Commission ("EEOC"), a prerequisite for filing claims under certain federal employment discrimination statutes. Compl. at 6. Ms. Atherley did not include a copy of the EEOC Charge in her Complaint. The EEOC issued Plaintiff a Notice of Right to Sue on November 2, 2022, which Ms. Atherley received on November 6, 2022. *Id.* at 12. Plaintiff filed the Complaint against Defendants on January 15, 2023, *see id.* at 1, and Defendants moved to dismiss pursuant to Rule 12(b) on August 30, 2023.[1] ECF No. 29.

## LEGAL STANDARD

In reviewing a motion to dismiss under Rule 12(b)(6), the Court must "constru[e] the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008) (internal citation omitted). A claim will survive a Rule 12(b)(6) motion only if the plaintiff alleges facts sufficient "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that a defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. If a complaint does not state a plausible claim for relief, it must be dismissed. *Id.* at 679.

---

[1] The Court interprets Defendants' motion to be made pursuant to Rule 12(b)(6), even though Defendants did not specify so.

*Pro se* complaints "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal citation omitted). "Such a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hughes v. Rowe*, 449 U.S. 5, 10 (1980) (internal citation omitted); *see also Boykin v. KeyCorp*, 521 F.3d 202, 216 (2d Cir. 2008) ("[D]ismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases."). Because Ms. Atherley is proceeding *pro se*, the Court must liberally construe her Complaint and interpret it "to raise the strongest claims that it suggests." *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018) (internal quotation marks omitted).

"Although Plaintiff did not attach a copy of the EEOC charge to [her] complaint, [because] Plaintiff specifically references and relies on the EEOC charge in [her] complaint," the EEOC Charge is incorporated into the Complaint by reference and thus properly considered on a motion to dismiss. *Felton v. Monroe Cmty. Coll.*, 579 F. Supp. 3d 400, 407 n.1 (W.D.N.Y. 2022); *see also Holowecki v. Fed. Exp. Corp.*, 440 F.3d 558, 565–66 (2d Cir. 2006), *aff'd*, 552 U.S. 389 (2008) ("In reviewing the Rule 12(b)(6) ruling, it is proper for this court to consider the plaintiffs relevant filings with the EEOC and the declaration that [they] submitted to the district court, none of which were attached to the complaint.").

## DISCUSSION

Ms. Atherley brings the following claims: (1) age discrimination under Title VII, the NYSHRL and the NYCHRL against Defendants; (2) race discrimination under Title VII, the NYSHRL and the NYCHRL against Defendants; (3) disability discrimination under the ADA, Rehabilitation Act, NYSHRL and NYCHRL against Defendants; (4) retaliation under Title VII, the ADA, the Rehabilitation Act, the NYSHRL and the NYCHRL against Defendants and (5)

6

aiding and abetting discrimination and retaliation under the NYSHRL and NYCHRL against Caldwell.

In moving to dismiss, Defendants argue that (1) Plaintiff's federal claims against Caldwell must be dismissed because Title VII, the ADA and the Rehabilitation Act do not provide for individual liability against an employee, (2) Plaintiff's state and local law claims against the DOE must be dismissed for failure to file a notice of claim, (3) many of Plaintiff's claims must be dismissed as time-barred, (4) Plaintiff's discrimination claims must be dismissed for failure to state a cause of action under federal, state and local law, (5) Plaintiff's state and local law claims against Caldwell must be dismissed because Caldwell is not an employer and (6) Plaintiff's retaliation claims must be dismissed for failure to state a cause of action under federal, state and local law.

The Court first addresses Plaintiff's federal claims against Caldwell and state and local law claims against the DOE, dismissing those claims. The Court next analyzes Plaintiff's remaining age, race and disability discrimination claims under Title VII against the DOE, the ADA against the DOE, the Rehabilitation Act against the DOE, the NYSHRL against Caldwell and the NYCHRL against Caldwell, granting Defendants' motion to dismiss. Then, the Court turns to Plaintiff's remaining claims for retaliation under Title VII against the DOE, the ADA against the DOE, the Rehabilitation Act against the DOE, the NYSHRL against Caldwell and the NYCHRL against Caldwell, denying in part and granting in part Defendants' motion to dismiss.

Finally, the Court grants Plaintiff's request for leave to file an amended complaint. Plaintiff may amend her Complaint with respect to the following: (1) whether Plaintiff served the DOE in compliance with notice of claim requirements; (2) how Plaintiff's transfer to 65 Court Street after the pandemic was an adverse employment action; and (3) the alleged causal

connection between Plaintiff's complaints about the conditions and lack of accommodations at 65 Court Street and her reassignment back there.

## I.      Plaintiff Fails to State Federal Claims Against Caldwell

Plaintiff asserts claims against Caldwell in his individual capacity under Title VII, the ADA, and the Rehabilitation Act. However, it is well established that none of these statutes provide for individual liability. *See e.g.*, *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313 (2d Cir. 1995), *abrogated on other grounds by Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, (1998) (holding that "individual defendants with supervisory control over a plaintiff may not be held personally liable under Title VII."); *Gomez v. N.Y.C. Police Dep't*, 191 F. Supp. 3d 293, 302–03 (S.D.N.Y. 2016) ("[T]here is no individual liability under the ADA."); *Goe v. Zucker*, 43 F.4th 19, 35 (2d Cir. 2022), *cert. denied sub nom. Goe v. McDonald*, 143 S. Ct. 1020 (2023) ("[T]he Rehabilitation Act does not provide for individual liability."). Accordingly, Ms. Atherley's federal claims against Caldwell are dismissed with prejudice.

## II.     Plaintiff Fails to Plead State and Local Law Claims Against the DOE

Defendants argue that Plaintiff's claims under the NYSHRL and NYCHRL against the DOE must be dismissed for failure to adhere to New York State's notice of claim requirement. ECF No. 30 ("Defs.' Br.") at 4–5. Specifically, they assert that Plaintiff failed to comply with New York Education Law Section 3813(1), which "requires a plaintiff to serve a notice of claim," on the DOE within three months of the accrual of any claim, "prior to initiating a lawsuit against a school, a school district, a board of education, or an education officer." *Everett v. N.Y.C. Dep't of Educ.*, No. 21-CV-7043 (JPC), 2023 WL 5629295, at *10 (S.D.N.Y. Aug. 31, 2023) (citing N.Y. Educ. L. § 3813(1)); N.Y. Educ. Law § 3813(1) ("No action or special proceeding . . . shall be prosecuted or maintained against any school district, board of education, board of cooperative educational service . . . unless it shall appear by and as an allegation in the complaint

8

or necessary moving papers that a written verified claim upon which such action or special proceeding is founded was presented to the governing body of said district or school within three months after the accrual of such claim . . . .").

The notice of claim requirement is "a condition precedent to bringing an action against a school district or a board of education and . . . failure to present a claim within the statutory time limitation . . . is a fatal defect." *Rodriguez v. Int'l Leadership Charter Sch.*, No. 8-CV-1012 (PAC), 2009 WL 860622, at *5 (S.D.N.Y. Mar. 30, 2009) (internal quotation marks and citation omitted). "Given such exacting language, federal courts in New York have made clear that notice of claim requirements are construed strictly by New York state courts and failure to abide by their terms mandates dismissal of the action." *Johnson v. Rockland Cnty. BOCES*, No. 21-CV-3375 (KMK), 2022 WL 4538452, at *5 (S.D.N.Y. Sept. 28, 2022) (quoting *Smith v. N.Y.C. Dep't of Educ.*, 808 F. Supp. 2d 569, 578 (S.D.N.Y. 2011)) (cleaned up).

Ms. Atherley did not file a formal notice of claim but argues that her EEOC Charge satisfies the notice requirement for her state and local law claims against the DOE. Pl. Opp. at 6. Although an EEOC Charge can satisfy Section 3813(1)'s notice requirement, it must nonetheless be filed within the three months of the alleged discriminatory act. *See* N.Y. Educ. Law § 3813(1). Because Ms. Atherley filed the EEOC Charge on April 28, 2022, any claims that accrued prior to January 28, 2022 (three months before April 28, 2022) are time-barred.

Even the claims that are not time-barred still fail to meet New York's notice of claim requirement based on the allegations in the Complaint. An EEOC Charge "can suffice as a substitute for a notice of claim 'only under the rare and limited circumstance where the EEOC charge puts the school district on notice of the precise claims alleged, is served on the governing board of the district (and not a different arm of the district), and is served within the statutory

9

time period.'" *Rettino v. N.Y.C. Dep't of Educ.*, No. 19-CV-5326 (JGK), 2020 WL 4735299, at *5 (S.D.N.Y. Aug. 14, 2020) (quoting *Brtalik v. S. Huntington Union Free Sch. Dist.*, No. 10-CV-10 (LDW), 2010 WL 3958430, at *5 (E.D.N.Y. Oct. 6, 2010)). Furthermore, a "plaintiff must allege compliance with the notice-of-claim provision of the Education Law in the complaint." *Everett*, 2023 WL 5629295, at *10 (internal citation omitted); *see also Thomas v. N.Y.C. Dep't of Educ.*, 938 F. Supp. 2d 334, 360 (E.D.N.Y. 2013).

Here, Ms. Atherley's Complaint makes no mention of her compliance with this requirement, and therefore fails to state her state and local law claims against the DOE. *See, e.g.*, Johnson, 2022 WL 4538452, at *6; *Rettino*, 2020 WL 4735299, at *5 (finding that a plaintiff who did "not allege in his amended complaint that he filed a notice in compliance with Section 3813," nor "allege that he served the EEOC charge on the governing body of the district" did "not meet the statutory notice of claim requirements"); *Legrá v. Bd. of Educ. of the City Sch. Dist. of the City of N.Y.*, No. 14-CV-9245 (JGK), 2016 WL 6102369, at *3 (S.D.N.Y. Oct. 19, 2016) ("[Plaintiff] also does not allege that she served the notice on the governing arm of the district, much less that she did so within three months of the time that her claims accrued. Accordingly, the plaintiff does not meet statutory notice of claim requirements.").

Alternatively, Plaintiff argues that the notice of claim requirement is met because the DOE had ample notice of her discrimination and retaliation claims. Pl. Opp. at 6. Whether the DOE had notice of Ms. Atherley's claims is irrelevant to whether she satisfied New York's strict notice of claim requirements. *See Parochial Bus Sys., Inc. v. Board of Educ.*, 60 N.Y.2d 539, 547–48 (1983) ("[S]tatutory requirements mandating notification to the proper public body or official must be fulfilled . . . [and] permit[] no exception regardless of whether the [DOE] had actual knowledge of the claim . . . .").

Because Plaintiff failed to allege that she complied with New York's notice of claim requirement, the Court dismisses without prejudice her claims against the DOE under the NYSHRL and the NYCHRL. As explained further in Section V, however, the Court grants Plaintiff leave to amend the Complaint to add any facts regarding Plaintiff's compliance with the notice of claim requirements.

### III.    Plaintiff's Discrimination Claims

Plaintiff's remaining age, disability and race discrimination claims under Title VII, the ADA, the Rehabilitation Act, the NYSHRL and the NYCHRL are all analyzed under the three-part burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–803 (1973). Under this framework, a plaintiff must first establish a *prima facie* case of discrimination, then "the burden shifts to the employer to articulate some legitimate, nondiscriminatory reason for the employer's action against the employee. If the employer does so, then the burden shifts back to the employee to show that the employer's articulated reason is pretext for discrimination." *Truitt v. Salisbury Bank & Tr. Co.*, 52 F.4th 80, 86–87 (2d Cir. 2022) cleaned up).

However, on a motion to dismiss, "the court need only concern itself with the first phase of the *McDonnell Douglas* framework." *Kirkland-Hudson v. Mount Vernon City Sch. Dist.*, 665 F. Supp. 3d 412, 449 (S.D.N.Y. 2023) ("A plaintiff need not make out a *prima facie* case at the pleading stage, and may withstand a motion to dismiss by providing a short and plain statement of the claim.") (cleaned up). "[T]he pleading requirements in discrimination cases are very lenient, even *de minimis*," but the allegations in a plaintiff's complaint must give plausible support to the *prima facie* claim requirements. *Deravin v. Kerik*, 335 F.3d 195, 200 (2d Cir. 2003) (quoting *Brown v. Coach Stores, Inc.*, 163 F.3d 706, 710 (2d Cir. 1998)); *see also Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 510–512, 515 (2002). Therefore, the Court need not

determine on the instant motion whether Defendants have any legitimate non-discriminatory reasons for their actions. *See Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 82–83, 89 (2d Cir. 2015) ("[C]ompeting explanations [for a defendant's employment decisions] are better evaluated at the summary judgment stage or beyond.").

To state a *prima facie* case of discrimination, Plaintiff must demonstrate that "(1) she is a member of a protected class; (2) she is qualified for her position; (3) she suffered an adverse employment action; and (4) the circumstances give rise to an inference of discrimination." *Kirkland-Hudson.*, 665 F. Supp. 3d at 449 (S.D.N.Y. 2023) (quoting *Weinstock v. Columbia Univ.*, 224 F.3d 33, 42 (2d Cir. 2000)).[2]

### A.  Plaintiff Fails to State a Claim of Age Discrimination

In the Complaint, Ms. Atherley states that she has "been the subject of age . . . discrimination." Compl. ¶ 2. The Complaint, however, pleads no additional allegations in support of this contention, nor does it specify the statutes under which Ms. Atherley's age discrimination claim is brought.[3] Plaintiff's Opposition Brief contains a footnote stating that the "complaint alleges discrimination as [Plaintiff's] disability gets worse as [Plaintiff's] age increases." Pl. Opp. at 1 n.2. This sole allegation, unconnected to any conduct by the DOE, is insufficient to "support[] an inference of discrimination under the *McDonnell Douglas* framework." *Ruiz v. City*

---

[2] "The NYCHRL uses the same framework as Title VII and the NYSHRL, but contains, as to some elements, more liberal pleading and proof standards." *Farmer v. Shake Shack Enterprises*, LLC, 473 F. Supp. 3d 309, 327 (S.D.N.Y. 2020).

[3] The Court notes that age is not a protected class under Title VII, although it is protected under the Age Discrimination in Employment Act. *See Lyon v. Jones,* 260 F. Supp. 2d 507, 509 n.1 (D. Conn. 2003), *aff'd*, 91 F. App'x 196 (2d Cir. 2004) ("Claims of disability and age discrimination are not cognizable under Title VII.").

*of New York*, No. 14–CV–5231 (VEC), 2015 WL 5146629, at *3 (S.D.N.Y. Sept. 2, 2015); *see also George v. Pro. Disposables Int'l, Inc.*, No. 15-CV-3385 (RA) (BCM), 2016 WL 3648371, at *6 (S.D.N.Y. June 1, 2016), *report and recommendation adopted sub nom. George v. Pro. Disposables Int'l, Inc.*, No. 15-CV-3385 (RA), 2016 WL 3906715, at *6 (S.D.N.Y. July 14, 2016) (dismissing age discrimination claims where "Plaintiff mentions age only three times in his pleading . . . and provides nothing beyond purely conclusory assertions that his age must have been a basis. . ."). Even under the more liberal pleading standard of the NYCHRL, Plaintiff fails to plead that she was "treated less well" because of her age. *See Farmer*, 473 F. Supp. 3d at 327.

Accordingly, Plaintiff's claim for age discrimination claim is dismissed. Because there are no facts in the Complaint related to age and only a stray footnote in Ms. Atherley's brief related to her age unconnected to any allegation of discrimination, it appears permitting Plaintiff to amend her Complaint regarding age discrimination would be futile. As such, the Court dismisses Plaintiff's age discrimination claims with prejudice.

### B.  Plaintiff Fails to State a Claim of Discrimination on the Basis of Race

Defendants' motion to dismiss Plaintiff's remaining race discrimination claims is granted.

### 1.  Plaintiff Fails to State a Title VII Discrimination Claim Against the DOE

Plaintiff alleges that the DOE discriminated against her on the basis of race in violation of Title VII. Under Title VII, it is unlawful for an employer to discriminate against an employee based on that employee's "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). Defendants do not contest that Plaintiff has established first two factors of the *McDonnell Douglass* framework, but, regarding the third element, appear to argue that Plaintiff did not suffer an adverse employment action because "she fails to allege that she was required to remain at the 65 Court Street location because of her race, age or disability." Defs.' Br. at 10.

Ms. Atherley claims that she suffered an adverse employment action when the DOE refused to let her return to 131 Livingston Street. "A plaintiff sustains an adverse employment action if he or she endures a materially adverse change in the terms and conditions of employment." *Stewart v. City of New York*, No. 22-2775, 2023 WL 6970127, at *1 (2d Cir. Oct. 23, 2023) (quoting *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 85 (2d Cir. 2015)). Courts have held that an "involuntary transfer that entails objectively inferior working conditions . . . constitute[s] [an] adverse employment action[] under certain circumstances." *Kirkland-Hudson*, 665 F. Supp. 3d at 450; *see also Rodriguez v. Board of Educ.*, 620 F.2d 362, 366 (2d Cir. 1980) (transfer of junior high school art teacher to elementary school based on sex constituted adverse employment action); *de la Cruz v. New York City Human Resources Admin. Dep't of Social Servs.*, 82 F.3d 16, 21 (2d Cir. 1996) (transfer from an "elite" division of social services to a "less prestigious" one with limited opportunities for professional growth was adverse employment action).

Read liberally, as the Court is required to do, the Complaint alleges that, upon the re-opening of schools for in-person teaching, Ms. Atherley and two other Black teachers were forced to return to 65 Court Street, a location with allegedly inferior conditions compared to 131 Livingston Street, while non-Black teachers were allowed to transfer to 131 Livingston Street. The Court can infer that the 65 Court Street location is objectively inferior based on the allegation that multiple teachers sought not to be placed there. However, the Complaint does not allege enough facts to show why that is the case and what impact being forced to return to 65 Court Street had on Plaintiff's career and employment conditions. Without that, the Court cannot ascertain whether this transfer meets the requirement that Plaintiff allege an adverse employment action. For the reasons stated below in Section V, the Court grants leave to amend the Complaint

14

to allege facts regarding why 65 Court Street was inferior and the impact that working at 65 Court Street had on Plaintiff's career and/or employment conditions.

Regarding the fourth element, Defendants argue that Plaintiff "does not identify any similarly situated comparators outside of Plaintiff's protected classes, who were treated more favorably than her nor does Plaintiff allege other comments made by her supervisors suggesting discriminatory animus." Defs.' Br. at 10. But Ms. Atherley is not required to allege that her supervisors made comments "suggesting discriminatory animus" in order to demonstrate an inference of discrimination. And more importantly, Ms. Atherley adequately identified similarly situated comparators outside of her protected class. "A showing of disparate treatment—that is, a showing that an employer treated [the] plaintiff less favorably than a similarly situated employee outside [her] protected group—is a recognized method of raising an inference of discrimination for the purpose of making out a *prima facie* case." *Mandell v. Cnty. Of Suffolk*, 316 F.3d 368, 379 (2d Cir. 2003) (internal quotation marks and citation omitted).

As discussed immediately above, Ms. Atherley alleges that she and two other Black teachers were treated disparately when they were forced to remain at a school with inferior conditions while "four Caucasian teachers" were permitted to transfer to another school. Pl. Opp. at 14. Additionally, Plaintiff alleges that one "Caucasian teacher . . . asked for a reasonable accommodation to be transferred back to 131 Livingston and her request was granted while [Ms. Atherley's] request was denied." *Id.*

Plaintiff claims that she was similarly situated to these teachers because they were all subject to the same performance and disciplinary standards, and they all engaged in similar conduct. *Id.* "To survive a motion to dismiss, a plaintiff need only allege facts making it plausible that a jury could ultimately determine that the comparators are similarly situated." *Kwateng v.*

*Gruenberg*, No. 21-CV-11089 (JPO), 2023 WL 2691565, at *3 (S.D.N.Y. Mar. 29, 2023) (internal quotation marks and citation omitted). Whether Ms. Atherley and the other teachers are similarly situated "is a question of fact requiring discovery, and indeed, much of the information required to establish a more detailed comparison is in the hands of Defendants." *Id.* Here, Ms. Atherley's allegations are sufficient to allege similarly situated comparators. *See id.*; *Kirkland-Hudson*, 665 F. Supp. 3d at 454; *see also Dotson v. City of Syracuse*, 763 F. App'x 39, 42–43 (2d Cir. 2019).

Defendants also contend that Plaintiff's Title VII discrimination claim is time-barred. Defs.' Br. at 5. "A Title VII claim is time-barred if the plaintiff . . . does not file a charge with the EEOC within 300 days after the alleged unlawful employment practice." *Elmenayer v. ABF Freight Sys., Inc.*, 318 F.3d 130, 133 (2d Cir. 2003) (quoting 42 U.S.C. § 2000e–5(e)(1)) (internal quotation marks omitted). This period began in September 2021 when Plaintiff's request to return to the facility at 131 Livingston Street was denied and thus Plaintiff "knew or had reason to know of the injury serving as the basis for [her] claim." *Panchishak v. Cnty. of Rockland*, No. 20-CV-10095 (KMK), 2021 WL 4429840, at *4 (S.D.N.Y. Sept. 27, 2021) (internal citations omitted). Because Ms. Atherley filed her EEOC claim on April 28, 2022 (less than 300 days after September 2021), her Title VII discrimination claim is timely.

### 2. Plaintiff Fails to State a Claim for Discrimination Against Caldwell Under the NYSHRL and NYCHRL

Plaintiff next claims that Defendant Caldwell discriminated against her on the basis of race in violation of the NYSHRL and NYCHRL. Like Title VII, the NYSHRL states that it is "an unlawful discriminatory practice" for an employer "to discriminate against" an employee because of their race. N.Y. Exec. Law § 296(1)(a). Under the NYCHRL, a Plaintiff alleging race discrimination "need only demonstrate "by a preponderance of the evidence that she has been

treated less well than other employees because of her [race]." *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 110 (2d Cir. 2013). As the basis of Ms. Atherley's discrimination claims against Caldwell are the same as those against the DOE, the Court finds, for the reasons stated immediately above, that she has failed to plead sufficient facts to support a *prima facie* claim against Caldwell under both the NYSHRL and NYCHRL. As explained in the prior section, Ms. Atherley is granted leave to amend the Complaint to allege additional facts to support her claim that she suffered an adverse employment action or was treated less well.

Defendants argue that Caldwell, "a mere employee of the DOE," cannot be held liable under the NYSHRL and NYCHRL because the statutes only prohibit discriminatory conduct by employers. Defs.' Br. at 7. An employee however, can be held individually liable under both the NYCHRL and NYSHRL. "With respect to the NYSHRL, an individual defendant may be held liable for a violation of the statute in circumstances in which: (1) the individual defendant is considered an employer; or (2) the defendant aided and abetted the unlawful discriminatory acts of others." *Baker v. MTA Bus Co*., No. 18-CV-12231 (TMR), 2023 WL 4896686, at *6 (S.D.N.Y. Aug. 1, 2023) (cleaned up) (quoting *Xiang v. Eagle Enters., LLC*, No. 19-CV-1752 (PAE), 2020 WL 248941, at *5 (S.D.N.Y. Jan. 16, 2020)). "Under the NYCHRL, individual liability may be imposed regardless of ownership or decision-making power, so long as the individual defendant actually participated in the conduct giving rise to the claim. *Chen v. Shanghai Café Deluxe, Inc.*, No. 17-CV-2536 (DF), 2019 WL 1447082, at *9 (S.D.N.Y. Mar. 8, 2019) (internal quotation marks omitted).

Here, Plaintiff alleges that Caldwell was personally involved in the alleged discriminatory actions including requiring Ms. Atherley and two other Black teachers to remain at a location with inferior conditions while permitting "four Caucasian teachers" to transfer to a

location with superior facilities and providing a reasonable accommodation for a Caucasian teacher while denying Ms. Atherley's request for a reasonable accommodation. These allegations sufficiently demonstrate Caldwell's participation in the discriminatory actions giving rise to Ms. Atherley's claim under the NYCHRL. *See Tomka*, 66 F.3d at 1317; *see also Nezaj v. PS450 Bar & Rest.*, No. 22-CV-8494 (PAE), 2024 WL 815996, at *10 (S.D.N.Y. Feb. 27, 2024). Through his personal involvement, Plaintiff has also adequately pled that Caldwell can be held liable under the NYSHRL for aiding and abetting discrimination.

### C.  Plaintiff's Disability-Related Claims Are Time-Barred

The Court turns to an analysis of the timeliness of Plaintiff's ADA and Rehabilitation Act claims against the DOE, and disability-related NYSHRL and NYCHRL claims against Caldwell. Defs.' Br. at 5–6. Because the ADA has different timing requirements that the Rehabilitation Act, NYSHRL and NYCHRL have, the Court addresses Plaintiff's claims under the ADA separately from the other three statutes.

#### 1.  Plaintiff's Discrimination Claims Under the ADA Are Time-Barred

"As a predicate to filing suit under the ADA, a plaintiff must first file a timely charge with the EEOC." *Whalen v. CSC TKR, LLC*, No. 11-CV-1834 (VB),, 2011 WL 6965740, at *2 (S.D.N.Y. Dec. 28, 2011) (citing 42 U.S.C. § 2000e-5(e)). An ADA claim is time-barred if the plaintiff does not file a charge with the EEOC "within three hundred days after the alleged unlawful employment practice occurred." *Duplan v. City of N.Y.*, 888 F.3d 612, 621 (2d Cir. 2018). Here, Ms. Atherley alleges that she was denied an accommodation for her disabilities on December 16, 2019 when she was first transferred to 65 Court Street. Because Plaintiff did not file an EEOC Charge until April 28, 2022 (864 days after December 16, 2019), her ADA claim is time-barred.

Although Plaintiff continued to report her concerns about her employer's failure to accommodate her disabilities after December 16, 2019, the DOE's denials of Plaintiff's subsequent requests are not independent discriminatory acts and therefore do not extend the ADA's 300-day statute of limitations period. *Whalen*, 2011 WL 6965740, at *4. "Mere requests to reconsider . . . cannot extend the limitations periods applicable to the civil rights laws." *Del. State Coll. v. Ricks*, 449 U.S. 250, 261 n.15 (1980); *see also Durham v. Atlantic City Elec. Co.*, 2010 WL 3906673, at *7 (D.N.J. Sept. 28, 2010) ("Plaintiff's persistence in claiming that [defendant should provide him with an accommodation] . . . amounts to nothing more than a request that [defendant] reconsider its [original] . . . determination.").

### 2.   Plaintiff's Discrimination Claims Under the Rehabilitation Act, NYSHRL and NYCHRL Are Time-Barred

Claims under the Rehabilitation Act, NYSHRL and NYCHRL  "are subject to a three-year limitations period." *Am. Council of Blind of N.Y., Inc. v. City of N.Y.*, 495 F. Supp. 3d 211, 242 (S.D.N.Y. 2020); N.Y. C.P.L.R. § 214(2) (providing a three-year statute of limitations for discrimination claims); N.Y. City Admin. Code § 8-502(d) (providing a three-year statute of limitations for discrimination claims); *see also Morse v. Univ. of Vt.*, 973 F.2d 122, 127 (2d Cir. 1992). As discussed immediately above, the statute of limitations period for her disability claims began on December 16, 2019. Ms. Atherley, however, did not file the instant Complaint until January 15, 2023, more than three years after December 16, 2019. Accordingly, Plaintiff's disability discrimination claim under the Rehabilitation Act against the DOE and disability discrimination claims under the NYSHRL and NYCHRL against Caldwell are also dismissed as time-barred.

IV.    **Plaintiff's Retaliation Claims**

Read liberally, as the Court is required to do, the Complaint alleges claims of retaliation by (1) the DOE under Title VII, the ADA and the Rehabilitation Act and (2) Caldwell under the NYSHRL and the NYCHRL. Defendants argue that Plaintiff's claims of retaliation are time-barred and, in any event, that Plaintiff has failed to state any causes of action for retaliation. The Court addresses each argument in turn.

A.  **Plaintiff's Retaliation Claim for Conduct Occurring Prior to September 2021 Is Time-Barred**

Plaintiff alleges that Defendants retaliated against her on four occasions. First, on or about April 19, 2019, the DOE served Ms. Atherley with Section 3020-a charges and reassigned her from 131 Livingston Street to 65 Court Street. According to Plaintiff, these actions were in retaliation for her filing a race discrimination grievance on behalf of a Native American teacher while she was the UFT Chapter leader. The second incident of alleged retaliation occurred in September 2021 when Ms. Atherley and two other Black teachers were forced to return to 65 Court Street after the COVID-19 pandemic, while non-Black teachers reassigned to 65 Court Street were allowed to transfer to 131 Livingston Street. According to Ms. Atherley, she was not reassigned to 131 Living Street, a school with allegedly superior facilities, in retaliation for her complaints about the health and safety conditions there and for her disability accommodation requests at 65 Court Street. The third incident of alleged retaliation occurred on April 27, 2022 when, in response to Plaintiff's filing of a racial discrimination complaint with the DOE against Caldwell, she was given a one-day suspension from teaching. Finally, Ms. Atherley alleges that on May 5, 2022, the DOE issued a Section 3020-a charge against her in retaliation for her filing an EEOC Charge on April 28, 2022.

20

"As a predicate to filing suit under [Title VII and] the ADA, a plaintiff must first file a timely charge with the EEOC." *Whalen*, 2011 WL 6965740, at *2 (S.D.N.Y. Dec. 28, 2011) (citing 42 U.S.C. § 2000e-5(e)); *see also Elmenayer v. ABF Freight Sys., Inc.*, 318 F.3d 130, 133 (2d Cir. 2003). A Title VII or ADA claim is time-barred if the plaintiff does not file a charge with the EEOC "within three hundred days after the alleged unlawful employment practice occurred." *Duplan v. City of N.Y.*, 888 F.3d 612, 621 (2d Cir. 2018) (internal citation omitted).

Any of Plaintiff's claims regarding the April 2019 incident of alleged retaliation are time-barred. The statute of limitations under Title VII and the ADA began running on April 19, 2019, when Plaintiff was served the Section 3020-a charge and faced reassignment. Because Ms. Atherley did not file an EEOC Charge until April 28, 2022 (1,105 days after April 19, 2019), these allegations are time-barred under Title VII and the ADA. They are also time-barred under the three-year statute of limitations under the Rehabilitation Act, NYSHRL and NYCHRL. *See Piazza v. Fla. Union Free Sch. Dist.*, 777 F. Supp. 2d 669, 687 (S.D.N.Y. 2011) ("Rehabilitation Act claims in New York are governed by New York's three-year statute of limitations governing personal injury actions."); N.Y. C.P.L.R. § 214(2) (providing a three year statute of limitations for retaliation claims); N.Y. City Admin. Code § 8-502(d) (providing a three year statute of limitations for retaliation claims).

The remaining three alleged acts of retaliation each fall within the relevant statute of limitations periods under Title VII, the ADA, the Rehabilitation Act, the NYSHRL and the NYCHRL.

## B.  Plaintiff States a *Prima Facie* Case of Retaliation

For the reasons discussed above in Sections I and II, Plaintiff's federal retaliation claims are limited to the DOE and state and local retaliation claims, as of now, are limited to Caldwell. The same conduct underlies each claim, and thus the Court analyzes all claims congruently.

"Title VII's anti-retaliation provision prohibits an employer from 'discriminat[ing]' against any of his employees . . . because the employee has opposed any practice made an unlawful employment practice by this subchapter." *Kirkland-Hudson*, 665 F. Supp. 3d at 458 (citing 42 U.S.C. § 2000e-3(a)). Courts analyze retaliation claims under Title VII, the ADA, Rehabilitation Act, NYSHRL and NYCHRL pursuant to the *McDonnell Douglas* framework. *See Tafolla v. Heilig*, 80 F.4th 111, 125 (2d Cir. 2023) (applying *McDonnell Douglas* framework to ADA and NYSHRL retaliation claims); *Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 843 (2d Cir. 2013) (analyzing retaliation claims under Title VII and the NYSHRL under the "under the burden-shifting approach of *McDonnell Douglas*."); *Weixel v. Board of Educ. of the City of New York*, 287 F.3d 138, 148–49 (2d Cir. 2002) (elements of a retaliation claim under Rehabilitation Act are same as the ADA). The NYCHRL "uses the same framework" as the statutes just mentioned, "but contains, as to some elements, more liberal pleading and proof standards." *Farmer*, 474 F. Supp. 3d at 327.

To state a *prima facie* claim of retaliation under the *McDonnell Douglas* framework, a plaintiff must plausibly allege that (1) she "was engaged in protected activity," (2) "the alleged retaliator knew that plaintiff was involved in protected activity," (3) "an adverse decision or course of action was taken against plaintiff" and (4) "a causal connection exists between the protected activity and the adverse action." *Tafolla*, 80 F.4th at 125. Defendants do not contest that Plaintiff has established the second and third factors of the *McDonnell Douglas* framework.

### 1.  Plaintiff Alleges Three Instances of Protected Activity

Regarding the first element, Defendants argue that "some or all of Plaintiff's complaints may not constitute protected activity under any of the anti-discrimination statutes cited by Plaintiff." Defs.' Br. at 12. "The term 'protected activity' refers to action taken to protest or oppose statutorily prohibited discrimination." *Wright v. Monroe Cmty. Hosp.*, 493 F. App'x 233,

236 (2d Cir. 2012). "When an employee communicates to her employer a belief that the employer has engaged in a form of employment discrimination, that communication *virtually always* constitutes the employee's opposition to the activity." Farmer, 473 F. Supp. 3d at 331 (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 317 (2015)). "A plaintiff's complaint qualifies as protected activity so long as the plaintiff had 'a good faith, reasonable belief that she was opposing an employment practice made unlawful by [the relevant statute].'" *Vaughn v. Empire City Casino at Yonkers Raceway*, No. 14-CV-10297 (KMK), 2017 WL 3017503, at *20 (S.D.N.Y. July 14, 2017) (citing *Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs, P.C.*, 716 F.3d 10, 14 (2d Cir. 2013)); *see also Hazelwood v. Highland Hosp.*, 763 F. App'x 60, 62 (2d Cir. 2019). Here, the Court analyzes the three timely instances in which Ms. Atherley alleges that she engaged in protected activity.

First, Plaintiff alleges that she was engaged in protected activity when she complained to Caldwell about the health and safety conditions and lack of disability accommodations at 65 Court Street. Construing Plaintiff's allegations in the light most favorable to Plaintiff, as is required on a motion to dismiss, the Court finds that the portion of Ms. Atherley's complaint discussing a lack of disability accommodations is plausibly pled to have been an opposition to disability discrimination under the ADA, Rehabilitation Act, NYSHRL and NYCHRL. Therefore, the Court finds that Plaintiff's complaint is protected activity under those Acts.

The second alleged protected activity occurred when Plaintiff filed a complaint alleging that Caldwell discriminated against her on the basis of race and disability. This complaint also suffices as protected activity as race and disability discrimination violates Title VII, the ADA, the Rehabilitation Act, the NYSHRL and the NYCHRL. Finally, Plaintiff's filing of an EEOC Charge on April 28, 2022, constitutes protected activity because she alleged that Defendants

employment practices violated Title VII, the ADA, the Rehabilitation Act, the NYSHRL and the NYCHRL.

### 2.  Plaintiff Alleges a Causal Connection

As for the fourth element of the *McDonnell Douglas* framework, whether there was a causal connection between the protected activity and adverse employment action, Defendants argue that the "adverse actions complained of . . . all occurred while the DOE was in the process of resolving Plaintiff's disciplinary proceedings for alleged misconduct that predated Plaintiff's complaints of discrimination." Defs.' Br. at 13. However, whether Defendants have any legitimate non-discriminatory reasons for their actions is not an issue to be decided at the motion to dismiss stage. *See Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 82–83 (2d Cir. 2015).

Further, Plaintiff has sufficiently demonstrated a causal connection between her protected activity and Defendants' adverse actions. "A plaintiff can indirectly establish a causal connection to support a . . . retaliation claim by showing that the protected activity was closely followed in time by the adverse employment action." *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 110 (2d Cir. 2010) (internal quotation marks and citation omitted). However, "cases that accept mere temporal proximity . . . uniformly hold that the temporal proximity must be 'very close.'" *Clark Cnty. Sch. Dist. V. Breeden*, 532 U.S. 268, 273 (2001) (internal citation omitted). Courts within the Second Circuit have generally found that a two- to three-month gap "is sufficiently narrow, at the motion-to-dismiss stage, to satisfy the requisite causal connection." *Murray v. Dutchess Cnty. Exec. Branch*, No. 17-CV-9121 (KMK), 2019 WL 4688602, at *13 (S.D.N.Y. Sept. 25, 2019) (collecting cases).

The Court addresses each of Plaintiff's three remaining retaliation claims in turn. First, in response to Ms. Atherley's complaints about the health and safety conditions and lack of

disability accommodations at 65 Court Street, Ms. Atherley alleges that Caldwell reassigned her back to 65 Court Street in September 2021 while similarly situated non-Black teachers were allowed to return to 131 Livingston Street. Because Plaintiff does not allege the exact dates she made her complaints, the Court is unable to determine whether there is a causal connection between Ms. Atherley's first set of protected activity and alleged adverse employment action. For the reasons stated below in Section V, the Court grants leave to amend the Complaint to allege the specific dates of these complaints and show a causal connection.

Second, in response to Ms. Atherley's filing of a disability and racial discrimination complaint with the DOE against Caldwell on February 14, 2022, Plaintiff received a letter on April 27, 2022, suspending her for one day. These events occurred a little more than two months apart. Third, in response to Ms. Atherley's filing of an EEOC claim on April 28, 2022, she received Section 3020-a charges on May 5, 2022, about a week later, and as a result of those charges, Ms. Atherley claims she is excluded from certain pension and supplemental work opportunities. Because the second and third claims allege retaliatory events that occurred within two months of Plaintiff's alleged protected activities, the Court finds that Plaintiff has alleged the requisite causal connection for these claims at this stage in the litigation. *See Murray*, 2019 WL 4688602, at *13.

Plaintiff has adequately pled that the DOE retaliated against her under Title VII, the ADA, the Rehabilitation Act against and that Caldwell retaliated against her under the NYSHRL and NYCHRL.

## V.     Plaintiff's Request for Leave to File an Amended Complaint is Granted

Plaintiff requests leave to file an amended complaint if the Court finds her pleadings insufficient. Pl. Opp. at 2. "[L]eave to amend should be freely given, and a *pro se* litigant in particular should be afforded every reasonable opportunity to demonstrate that [she] has a valid

claim." *Walker v. Kosann*, No. 23-CV-04409 (JPC) (JW), 2024 WL 922642, at *8 (S.D.N.Y. Feb. 16, 2024), *report and recommendation adopted*, No. 23-CV-4409 (JPC) (JW), 2024 WL 923314 (S.D.N.Y. Mar. 4, 2024). The Second Circuit interprets Rule 15 of the Federal Rules of Civil Procedure liberally "consistent with [its] strong preference for resolving disputes on the merits." *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015) (internal quotation marks and citation omitted); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, [she] ought to be afforded an opportunity to test his claim on the merits."). But "[l]eave may be denied for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).

Here, Plaintiff was not previously provided notice of the deficiencies in her Complaint, and she has not been given an opportunity to correct these deficiencies. Specifically, Plaintiff may be able to allege additional facts to demonstrate that: (1) Plaintiff met the notice of claim requirements for her claims against the DOE under state and local law; (2) Plaintiff faced an adverse employment action when she was required to return to 65 Court Street after the pandemic; and (3) Ms. Atherley's complaints about the conditions at 65 Court Street and lack of disability accommodations were causally connected to her reassignment back to 65 Court Street. However, Plaintiff may not replead claims that have been dismissed with prejudice in their entirety because repleading those claims would be futile. Those claims are Plaintiff's age discrimination claims, federal claims against Caldwell, and her disability discrimination claims under all statutes.

Accordingly, the Court grants Plaintiff leave to amend the Complaint and ORDERS that

Ms. Atherley to file an amended complaint by **May 1, 2024**.

**CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss is GRANTED in part and

DENIED in part. The Clerk of Court is directed to terminate the motion at ECF No. 29.

Dated:  March 29, 2024
New York, New York

SO ORDERED.

JESSICA G. L. CLARKE
United States District Judge

27
